**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | **CRIMINAL NUMBER 25-445-1** |
| | : | |
| | : | |
| LOUIS ZACHARY | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Louis Zachary, by and through his attorney, Nancy MacEoin, Assistant Federal Defender, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, respectfully submits this memorandum in support of mitigation.  Mr. Zachary is 68 years old and faces a mandatory minimum sentence of 120 months' incarceration for his conduct in this case and due to a prior conviction involving child exploitation.  He stands before this Court deeply remorseful for downloading child pornography onto his cellular phone.  The advisory guideline range in this case is 120 to 135 years' incarceration.  The defense submits that a guideline sentence of 120 months is sufficient, but not greater than necessary, to satisfy the statutory objectives of 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

### I.    PROCEDURAL HISTORY

On February 25, 2025, the Federal Bureau of Investigation was alerted  that a Google user account utilizing the email address louis8236@gmail.com had uploaded 38 files of child pornography three days earlier.  Google provided the FBI with the name, date of birth, and mobile phone number associated with the email address which uploaded the images, all of which indicated Louis Zachary.  The internet provider verified that the internet protocol address ("IP address") connected to the downloads was Mr. Zachary's home addresses.  The FBI

subsequently subpoenaed Mr. Zachary's Google account which contained additional images of child pornography.

On August 26, 2025, the FBI executed search warrants at Mr. Zachary's residence. He was home at the time and admitted to the agents that he utilizes the email address, louis8236@gmail.com and provided agents with his phone number, which was also linked to the Google account. Mr. Zachary was arrested that day on a complaint and warrant charging him with one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

On November 18, 2025, Mr. Zachary appeared before this Court, waived his right to have his case presented to a grand jury, and pleaded guilty to a one-count Information. He now stands before this Court remorseful for his conduct and understanding that his conduct will cost him at least a decade of his life.

## II.    MR. ZACHARY'S PERSONAL HISTORY

Due to the sensitive nature of Mr. Zachary's personal history, this section is set forth in Addendum A and submitted under seal.

## III.    THE ADVISORY GUIDELINE RANGE

The PSR calculates the adjusted offense level to be 33. PSR ¶¶ 26 through 40. Mr. Zachary's prior criminal convictions place him in criminal history category II. Although this offense level and criminal history yield a guideline range of 108 to 135 months, the underlying charge carries a mandatory minimum of 120 months' incarceration. Therefore, the advisory guideline range is 120 to 135 months. PSR ¶ 106. While the defendant's requested sentence of 120 months is squarely within the recommended guideline range, and therefore presumed reasonable, it should also be noted that certain enhancements under USSG § 2G2.2 artificially inflate the base offense level. For example, USSG § 2G2.2(b)(6) increases the base offense level

2

by two levels for "use of a computer or an interactive computer service." Using the internet is how this crime is committed. Long gone are days of someone ordering pictures from the back of magazine and having them shipped through the mail. This crime is committed using cellphones, computers, apps, and messaging services, all of which utilize the internet.

Likewise, the sheer number of images that can be readily downloaded increases the guidelines by five levels under USSG § 2G2.2(b)(7)(D). PSR ¶ 32. Hundreds of images can be downloaded with one click, even if the offender seeks only to download a few. Each video, which can be downloaded in mere seconds, is counted as 75 images, regardless of the length of the video or how much of it contains images of child pornography. USSG § 2G2.2, Application Note 6(B)(ii).[1]

Without the enhancements for use of a computer and the number of images, the adjusted offense level would be 23. With a criminal history category of II, the advisory guideline range would be 51 to 63 months, approximately half the mandatory minimum sentence.

## IV.    CAREFUL REVIEW OF THE 18 U.S.C. § 3553(a) WARRANTS A SENTENCE OF 120 MONTHS' INCARCERATION

A sentencing court has a duty to impose a sentence that is sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing. *Nelson v. United States*, 129 S. Ct. 890 (2009). The sentencing factors set forth in 18 U.S.C.§3553(a) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of

---

[1] The United States Probation Officer cites *United States v. Haggerty*, 107 F.4th 173 (3d Cir. 2024), suggesting that to calculate the number of images in a video, this Court must "determine how many seconds within each video contain child pornography – as defined in 18 U.S.C. § 2256(8) – and then apply the standard rate of 24 frames per second." PSR ¶ 18 n.4. The defense submits that this only furthers the argument that these enhancements artificially inflate the base offense level. Under this reasoning, a defendant possessing a single 25 second video of child pornography would yield an image count of 600, requiring the application of five levels pursuant to USSG § 2G2.2(b)(7)(D).

sentences available; the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range; and the need to avoid unwarranted sentencing disparity. Moreover, the Court must consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public from future crimes by Mr. Zachary, and provide Mr. Zachary with needed correctional treatment.

Any crime involving the sexual exploitation of children is undoubtedly serious. Despite his own history of sexually abusing a child, Mr. Zachary admittedly did not appreciate the seriousness of this offense simply because the material was so easy to obtain. And the evidence shows that Mr. Zachary was not a sophisticated user of the internet. He downloaded the images using an email directly linked to his name, date of birth, and phone number. This case did not involve use of a Tor Browser,[2] or someone concealing their identity through various screen names or alternative email addresses. The activity was linked to the IP address at the home he owns in his name. And while he knew it was illegal, Mr. Zachary did not understand it could cost him a decade, or more, of his life, nor did he consider the impact his actions had on the victims. Since his incarceration, he has come to understand that by purchasing these images, he was re-traumatizing the victims and contributing to the illegal market which preys on vulnerable children.

Mr. Zachary's personal history is detailed in Addendum A. In summary, drug addiction was rampant in his family and affected his parents, siblings, himself, and his partners. He was

---

[2] The Tor Browser is a privacy-focused web browser that routes internet traffic through a network of encrypted relays to obscure a user's IP address and location, making online activity more difficult to trace. It is commonly used for both legitimate privacy purposes and, at times, to conceal illicit activity.

raised in neighborhoods affected by guns and violence and forced into adulthood at a young age when he became a father while in high school. And while he has some serious criminal convictions, the most recent offense took place over 25 years ago in May of 2000, and upon his release from prison, he maintained steady employment and eventually purchased his own home. He plans to serve his sentence with intention – taking courses, engaging in treatment, and reflecting on his crime.

Any sentence this Court imposes, including a sentence of 120 months, will deter Mr. Zachary from ever engaging in this type of conduct again. He is 68 years old. Even with a sentence of 120 months, he will be well into his seventies when he is released. And considering his poor health, his mobility and independence may be extremely limited. He will be on supervised release, for as long as this Court deems appropriate, which will include close monitoring of any internet connected device he may possess. As such, any future crimes will be readily detected and swiftly punished. Additionally, he will be subject to SORNA requirements. Reoffending is not a risk Mr. Zachary is willing to take, considering the time he faces in prison, his age, and his poor health.

## V.    CONCLUSION

For the foregoing reasons, and any which become apparent at the sentencing hearing on April 23, 2026, the defense respectfully requests that this Court impose a sentence of 120 months' incarceration. Such a sentence will be sufficient, but not greater than necessary, to comport with all the statutory objectives of 18 U.S.C. § 3553(a).

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ *Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender
Chief, Trial Unit

</div>

5

## <u>CERTIFICATE OF SERVICE</u>

I, Nancy MacEoin, Assistant Federal Defender, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's Sentencing Memorandum, via the Court's Electronic Filing (ECF) system, which sent notification to Michelle Rotella, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106, via her email address <u>Michelle.Rotella@usdoj.gov</u>.

<div style="margin-left: 50%;">

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender
Chief, Trial Unit

</div>

DATE: <u>April 16, 2026</u>